UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

|  |  |
|---|---|
| SONNA GRIFFITHS, JACK LICHA, STEVEN ELLI, PAMELA HAGEN, CYNTHIA WADE, APRIL CAPELLO, JOSEPH JORDAN, DONNA THOMAS, JULIE GOODWIN, DANIEL FERGUSON, and SARAH SPEELMAN, and, individually and on behalf of all others similarly situated,<br><br>       Plaintiffs,<br><br>v.<br><br>KOOTENAI HEALTH, INC.,<br><br>       Defendant. | Case No. 2:24-cv-00205-AKB (lead case)<br><br>**MEMORANDUM DECISION AND ORDER**<br><br>Case No. 2:24-cv-00378-AKB<br>Case No. 2:24-cv-00385-AKB<br>Case No. 2:24-cv-00389-AKB<br>Case No. 2:24-cv-00407-AKB<br>Case No. 2:24-cv-00411-AKB<br>Case No. 2:24-cv-00421-AKB<br>Case No. 2:24-cv-00490-AKB<br>(consolidated cases) |

Pending before the Court is the Court's Order to Show Cause (Dkt. 48) and the parties' Joint Response (Dkt. 49). The Court finds oral argument would not significantly aid its decision-making process and decides the matter on the record. Dist. Idaho Loc. Civ. R. 7.1(d)(1)(B); *see also* Fed. R. Civ. P. 78(b). For the reasons discussed below, the Court declines to exercise jurisdiction under the Class Action Fairness Act (CAFA), 28 U.S.C. § 1332(d), and dismisses this action without prejudice.

## BACKGROUND

This action arises from a reported cybersecurity incident involving Defendant Kootenai Health, Inc. Multiple related lawsuits were filed in this District and later consolidated into this lead case (Dkt. 24 at 1-3; Dkt. 48 at 1). Following consolidation, Plaintiffs filed the Consolidated Class Action Complaint, which is the operative pleading (Dkt. 48 at 1).

MEMORANDUM DECISION AND ORDER - 1

The complaint alleges nine named plaintiffs (Dkt. 35 at ¶¶ 15-23). Eight are alleged citizens of Idaho (*id.* at ¶¶ 15-17). One—Pamela Hagen—is an alleged citizen of Washington (*id.* at ¶ 18). The complaint alleges Kootenai Health is an Idaho nonprofit corporation with its principal place of business in Coeur d'Alene, Idaho (*id.* at 7). Further, it alleges Kootenai Health is a regional medical referral center based in Idaho that provides services throughout the Inland Northwest and has locations in northern Idaho, eastern Washington, and Montana (*id.* at 6-7).[1]

The complaint pleads only state-law claims, including negligence, negligence per se, breach of implied contract, breach of fiduciary duty, invasion of privacy, and unjust enrichment, and it seeks injunctive and declaratory relief (*see generally id.*). Plaintiffs define a nationwide class as "[a]ll persons in the United States whose personal information was compromised in the Data Breach publicly announced by Defendant in August of 2024" (*id.* at 51.) The complaint alleges the class includes "hundreds of thousands" of class members, if not more (*id.* at 52).

Kootenai Health moved to dismiss under Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure (Dkt. 37; Dkt. 48 at 1, 3). In that motion, Kootenai Health challenged Article III standing and the sufficiency of the pleaded claims (Dkt. 48 at 3-4). It did not, however, challenge CAFA jurisdiction (*id.*).

On February 2, 2026, the Court issued an Order to Show Cause (OSC) directing the parties to explain why the action should not be dismissed without prejudice under 28 U.S.C. § 1332(d)(4) (Dkt. 48 at 1). The OSC explained that, although CAFA generally favors federal adjudication of *inter*state class actions, CAFA also requires federal courts to decline jurisdiction over certain *intra*state controversies (Dkt. 48 at 4-5). The OSC further stated that reasonable inference and

---

[1]     Although additional plaintiffs are listed in the caption, the Court relies upon the substance of the operative complaint and its allegations.

**MEMORANDUM DECISION AND ORDER - 2**

common sense indicated at least one CAFA abstention exception may apply and that Plaintiffs' allegations did not supply sufficient facts showing otherwise (Dkt. 48 at 5-6). The OSC placed on Plaintiffs the burden to establish, by a preponderance of the evidence, sufficient facts showing the abstention exceptions do not require or allow the Court to decline jurisdiction (Dkt. 48 at 6). On March 2, 2026, the parties filed a joint response asserting that this Court has jurisdiction based on the evidence "available" to the parties (Dkt. 49).

## LEGAL STANDARD

CAFA gives federal district courts original jurisdiction over certain class actions where the amount in controversy exceeds $5,000,000, minimal diversity exists, and the proposed class contains at least 100 members. 28 U.S.C. § 1332(d)(2), (5); *Adams v. W. Marine Prods., Inc.*, 958 F.3d 1216, 1220 (9th Cir. 2020). CAFA also contains exceptions designed to permit truly *intra*state class actions to proceed in state court. *Adams*, 958 F.3d at 1220.

Two of these exceptions include the mandatory and the discretionary home-state exceptions. 28 U.S.C. § 1332(d)(3), (4)(B). The mandatory home-state exception requires a district court to decline to exercise jurisdiction where "two-thirds or more of the members of all proposed plaintiff classes in the aggregate, and the primary defendants, are citizens of the State in which the action was originally filed." 28 U.S.C. § 1332(d)(4)(B). The discretionary home-state exception provides that a district court "may, in the interests of justice and looking at the totality of the circumstances, decline to exercise jurisdiction" when greater than one-third but less than two-thirds of the putative class, and the primary defendants, are citizens of the state in which the action was originally filed. 28 U.S.C. § 1332(d)(3).

These CAFA exceptions are not part of CAFA's prima facie jurisdictional elements. Rather, they are forms of abstention. *Adams*, 958 F.3d at 1223; *Serrano v. 180 Connect, Inc.*, 478

MEMORANDUM DECISION AND ORDER - 3

F.3d 1018, 1022–23 (9th Cir. 2007). Because they are abstention doctrines, the Court may raise them sua sponte. *Adams*, 958 F.3d at 1223; *Bey v. SolarWorld Indus. Am., Inc.*, 904 F. Supp. 2d 1096, 1101–03 (D. Or. 2012); *Vitale v. D.R. Horton, Inc.*, No. CV 15-00312 DKW-KSC, 2016 WL 4203399, at *1–2 (D. Haw. Aug. 9, 2016). They may also be addressed in cases originally filed in federal court, not merely in removed cases. *See Bendau v. Cerebral Med. Grp.*, No. 21-CV-09580-TLT, 2024 WL 3875774, at *3–4 (N.D. Cal. Aug. 16, 2024); *Dugas v. Starwood Hotels & Resorts Worldwide, Inc.*, No. 3:16-cv-00014-GPC-BLM, 2017 WL 2813712, at *1–2 (S.D. Cal. June 28, 2017).

When the Court raises CAFA abstention sua sponte and both sides seek to remain in federal court, both sides are on notice that the Court requires a preponderance of evidence to determine whether the case escapes the mandatory and discretionary home-state exceptions. In that circumstance, the party seeking the federal forum has the greater incentive to make the required showing. *See Lockhart v. El Centro Del Barrio*, No. 5:23-CV-1156-JKP-ESC, 2024 WL 4601059, at *3 (W.D. Tex. Oct. 25, 2024). Here, Plaintiffs, who originally invoked the federal forum, have the greater incentive to make that showing. Kootenai Health, however, is likewise on notice that competent evidence was required to retain the case in federal court. *See id.*

## ANALYSIS

**A.    The Joint Response Does Not Provide the Factual Showing the OSC Required**

The parties' joint response to the OSC begins by restating CAFA's threshold prerequisites: a putative nationwide class, more than 100 members, more than $5,000,000 in controversy, an Idaho defendant, and one Washington named plaintiff (Dkt. 49 at 1-2). But the OSC did not issue because those threshold allegations were absent. The OSC issued because the complaint and the existing record raised a substantial question whether one of CAFA's home-state exceptions applies

**MEMORANDUM DECISION AND ORDER - 4**

and because the Court required a factual showing sufficient to resolve that question (Dkt. 48 at 1, 4-6).

On that issue, the joint response does not carry the required burden. It expressly acknowledges that the complaint does not plead the citizenship of absent class members and identifies only eight Idaho named plaintiffs, one Washington named plaintiff, and an Idaho defendant (Dkt. 49 at 1-3, 6). It further states there is "no evidence of any putative class member's citizenship on the record" (Dkt. 49 at 9). And, critically, the response concedes that "Plaintiffs have not met this burden" (Dkt. 49 at 12).

Those concessions matter. Once the Court raised CAFA abstention sua sponte, Plaintiffs could not preserve federal adjudication by showing only that CAFA's threshold requirements were pleaded while disclaiming the evidence needed to decide abstention. The Court will not retain a CAFA action on the theory that federal jurisdiction should continue unless and until someone disproves it. As *Lockhart* explains, when the Court raises the issue sua sponte, both sides are on notice that the Court needs evidence sufficient to remove the case "from the specter of the mandatory and discretionary home state exception." 2024 WL 4601059, at *3. The joint response instead underscores that such evidence has not been supplied.

**B.    The Response's Mailing-Address Discussion Confirms, Rather Than Cures, the Deficiency**

The joint response's principal effort to avoid dismissal is its discussion of last-known mailing-address data (Dkt. 49 at 3-9). That discussion does not solve the jurisdictional problem. Rather, it confirms it. The parties rely on the rule that citizenship for diversity purposes turns on domicile, not bare residence. *See Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). Throughout their response, the parties insist that mailing addresses do not establish citizenship because citizenship turns on domicile, not residence (Dkt. 49 at 3-6, 9). They further

MEMORANDUM DECISION AND ORDER - 5

state the mailing data "is not dispositive of citizenship" (Dkt. 49 at 7). The Court agrees. But a response that relies exclusively on mailing data while simultaneously insisting that the data cannot establish citizenship does not satisfy the burden the OSC imposed to show by a preponderance of evidence that this Court has jurisdiction.

The joint response represents that 330,531 of Kootenai Health's 484,580 notices about the data breach were sent to Idaho addresses, while 138,825 notices were sent to non-Idaho addresses, and the remainder were sent internationally or lacked a mailing address (Dkt. 49 at 6-7; Fulton Decl. ¶ 3). It then attempts to discount the concentration of Idaho notices by pointing to returned mail, deceased recipients, duplicative or institutional addresses, and other imperfections in the mailing data (*id.*). Yet the response does not provide any evidence showing how many of those notices were Idaho versus non-Idaho notices, quantifying how many absent class members are citizens of other states, or establishing the citizenship of Kootenai Health's patients served in its out-of-state locations. As the response acknowledges, the record still lacks evidence of citizenship (Dkt. 49 at 9).

The parties' speculation is inadequate to satisfy their burden to establish jurisdiction. Once the Court raises CAFA abstention sua sponte, speculative assertions that an exception may not apply are inadequate to preserve federal jurisdiction. *See 527 Lincoln Place LLC v. Nat'l Grid USA*, No. 23-CV-1708-NG-LB, 2025 WL 458253, at *3–4 (E.D.N.Y. Feb. 11, 2025) (noting plaintiffs' speculation about citizenship of class members was inadequate to establish jurisdiction). Here, the parties speculate that the notices to Idaho addresses may overstate the class members' Idaho citizenship because some notices were duplicated or sent to institutions. As noted above, however, they make no effort to quantify the number of non-Idaho citizens in the putative class even though Kootenai Health presumably possesses that information, and Plaintiffs could seek

MEMORANDUM DECISION AND ORDER - 6

discovery regarding the issue. The parties' response, therefore, does not provide the affirmative showing the OSC required.

**C.      The Parties Have Not Shown This Action Escapes CAFA's Home-State Exceptions**

Again, the mandatory home-state exception applies where "two-thirds or more of the members of all proposed plaintiff classes in the aggregate, and the primary defendants, are citizens of" the filing state. 28 U.S.C. § 1332(d)(4)(B). Here, the only defendant, Kootenai Health, is an Idaho citizen (Dkt. 35 at 7). The named plaintiffs are mostly Idaho citizens: eight Idaho citizens and one Washington citizen (Dkt. 35 at 5-6). The alleged misconduct concerns an Idaho healthcare provider headquartered in Idaho (Dkt. 35 at 6-7; Dkt. 48 at 1-3). And the operative complaint pleads only Idaho-centered common-law claims arising from that alleged conduct (Dkt. 48 at 3).

The parties' joint response does not rebut the Idaho-centered character of this controversy. To the contrary, it concedes the absence of proof that sufficient non-Idaho citizens exist in the putative class to avoid the home-state exception (Dkt. 49 at 9, 12). The response's mailing data, while not dispositive of domicile, further confirms that Idaho is the predominant state reflected in the record (Dkt. 49 at 6-7). And the response offers no evidence quantifying Kootenai's out-of-state clinics, patients, or other non-Idaho class members. On this record, the parties have not supplied competent evidence sufficient to show by a preponderance of the evidence that the putative class escapes the mandatory home-state exception.

The Court need not definitively resolve which party bears the burden of negating or establishing the applicability of CAFA's home-state exceptions in the unusual posture presented here, where both sides urge the Court to retain federal jurisdiction. Even assuming the burden does not rest solely with Plaintiffs, the parties were on notice through the Court's OSC that they were required to present competent evidence sufficient to permit the Court to determine whether this

**MEMORANDUM DECISION AND ORDER - 7**

action escapes the mandatory and discretionary home-state exceptions (*see* Dkt. 48). They have not done so.

Instead, the joint response relies principally on the addresses; but as the parties concede, residence or mailing address does not itself establish domicile, and domicile is what matters for citizenship. Accordingly, the parties have not met their burden of showing by a preponderance of evidence that one-third of the proposed class members are non-citizens of Idaho or whether the proportions fall above or below the thresholds relevant to 28 U.S.C. § 1332(d)(3) and (d)(4). Nor do they provide any methodology or evidentiary basis allowing the Court to make that determination by a preponderance of the evidence. Under these circumstances, the parties have failed to establish that this case falls outside the scope of CAFA's home-state exceptions, and the Court will not retain jurisdiction based on conjecture or evidentiary gaps. *See Lockhart*, 2024 WL 4601059, at *3; *527 Lincoln Place LLC*, 2025 WL 458253, at *3–4; *Dugas*, 2017 WL 2813712, at *1.

**D.   Alternatively, the Court Would Decline Jurisdiction Under the Discretionary Home-state Exception**

Even if the record did not require mandatory declination under § 1332(d)(4)(B), the Court would decline jurisdiction under the discretionary home-state exception, § 1332(d)(3). On the current record, the Court is satisfied that this case falls comfortably within the range warranting consideration under § 1332(d)(3). Kootenai Health is an Idaho citizen, eight of nine named plaintiffs are Idaho citizens, and the alleged breach centers on an Idaho healthcare system headquartered in Idaho (Dkt. 35 at 5-7). The response's own mailing data likewise reflects that Idaho is the predominant state represented in the current record (Dkt. 49 at 6-7).

The totality of the circumstances also favors declining jurisdiction. First, the claims do not present the sort of national or interstate interests that warrant retention notwithstanding CAFA's

MEMORANDUM DECISION AND ORDER - 8

home-state exception. Although the response argues that data-breach litigation is nationally significant in the abstract, this case concerns a single cyber incident allegedly suffered by a single Idaho healthcare provider, and the operative complaint pleads only state-law causes of action (Dkt. 48 at 3; Dkt. 49 at 10-11). Second, Idaho law appears to govern Plaintiffs' claims. Third, the pleadings could have—but did not—supply more specifics regarding Kootenai Health's out-of-state facilities, out-of-state patients, and the citizenship of the class members. Fourth, Idaho has the most distinct nexus to the alleged harm and the parties. Fifth, on the present record, Idaho citizens appear substantially to outnumber citizens of any other one state. And sixth, while multiple related class actions were filed, they were all consolidated into this action and all arise from the same alleged incident. *See* 28 U.S.C. § 1332(d)(3)(A)-(F) (Dkt. 24 at 1-3; Dkt. 49 at 10-12).

While the parties outline these factors in the joint response, their discussion of the factors remains largely abstract and does not overcome the Idaho-centered record before the Court. (Dkt. 49 at 10-12.) The Court therefore would decline jurisdiction under § 1332(d)(3), even if mandatory declination were not required.

**E.    The Court Does Not Reach the Pending Motion to Dismiss**

Because the Court declines to exercise CAFA jurisdiction, it does not reach Kootenai Health's pending Motion to Dismiss under Rules 12(b)(1) and 12(b)(6) (Dkt. 37). That motion will be denied as moot.

**CONCLUSION**

The Court raised CAFA abstention because the complaint and the existing record reasonably suggested this action may be the kind of intrastate controversy that CAFA requires or permits federal courts to leave to state courts. The parties' joint response did not provide the evidence the OSC required. Instead, it confirmed the absence of competent proof establishing

**MEMORANDUM DECISION AND ORDER - 9**

enough non-Idaho class citizenship to avoid CAFA's home-state exceptions while asking the Court to retain the case anyway. On this record, the parties have not shown that one-third of the proposed class members are non-Idaho citizens, which is necessary to retain jurisdiction. The Court therefore declines to exercise jurisdiction and dismisses this action without prejudice. Alternatively, even if the record did not warrant declination on that basis, the Court would decline jurisdiction under 28 U.S.C. § 1332(d)(3).

Because most of the consolidated cases were originally filed in federal court, dismissal without prejudice is the proper disposition. *See Bendau*, 2024 WL 3875774, at \*3–4; *Dugas*, 2017 WL 2813712, at \*1–2; Fed. R. Civ. P. 12(h)(3). Consolidation, however, does not erase the distinct procedural posture of a case removed from state court or alter the jurisdictional consequence that follows from the Court's conclusion that it must abstain. For a removed action, remand—not dismissal—is mandatory. 28 U.S.C. § 1447(c). Here, one consolidated case, Kootenai Health removed one consolidated case, *Speelman v. Kootenai Health, Inc.*, Case No. 2:24-cv-00490-AKB, from state court. To remand that case, the Court will sever it from the consolidated case for the limited purpose of remanding it to state court. *See Lockhart v. El Centro del Barrio*, 779 F. Supp. 3d 895, 900 (W.D. Tex. 2025).

Accordingly, all the consolidated cases are dismissed without prejudice, except for *Speelman v. Kootenai Health, Inc.*, Case No. 2:24-cv-00490-AKB, which is remanded to state court.

## ORDER

**IT IS ORDERED that:**

1. The Court declines to exercise jurisdiction over this action because of the parties' failure to show by a preponderance of evidence that this case falls outside CAFA's

**MEMORANDUM DECISION AND ORDER - 10**

home-state exceptions, 28 U.S.C. § 1332(d)(4)(B), after the Court's Order to Show Cause. Alternatively, the Court would decline to exercise jurisdiction under 28 U.S.C. § 1332(d)(3).

2. *Speelman v. Kootenai Health, Inc.*, Case No. 2:24-cv-00490-AKB is **SEVERED** and a separate order of remand will be entered in that case;

3. The Consolidated Class Action Complaint (Dkt. 35) is **DISMISSED WITHOUT PREJUDICE**.

4. Defendant Kootenai Health, Inc.'s Motion to Dismiss (Dkt. 37) is **DENIED AS MOOT**.

5. The Clerk of Court is directed to enter a separate judgment in each case not remanded and close those cases.

DATED: March 25, 2026

Amanda K. Brailsford
U.S. District Court Judge

**MEMORANDUM DECISION AND ORDER - 11**